UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SANAT V. SANGHANI, M.D., LLC | CIVIL ACTION NO. 1:15-CV-02886 |
| VERSUS | CHIEF JUDGE DRELL |
| UNITED HEALTHCARE SERVICES, INC. | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I. Background

Before the Court is a complaint filed to recover healthcare benefits pursuant to La. R.S. 22:1821 by Plaintiff Sanat V. Sanghani, M.D. ("Sanghani") in the Louisiana Ninth Judicial District Court. The named defendants are McDermott Investments, LLC, Choice Plus Basic Plan ("The Plan"), a health and welfare employee benefit plan sponsored by MdDermott Investments, LLC ("MDI") for the benefit of its employees, and administered by United Healthcare Services, Inc. ("United Healthcare") (Doc. 22). The Plan is a self-funded employee health and welfare benefit plan that was established pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

Sanghani contends she provided healthcare services to a patient, Shelby McGuire, which were covered under The Plan. Sanghani contends that McGuire assigned his rights to benefits under The Plan to her to pay for services rendered (Doc. 1). Sanghani further contends that, although she is not a preferred provider under The Plan, she had Gap Approval from United Healthcare. However, when it

was time to pay her, United Healthcare ignored the Gap Approval Agreement and only paid a lower portion of Sanghani's bill, deeming her an "out of network" provider. Sanghani seeks to enforce the assignment of rights and recover the cost of services, $ 8,918.91, with unpaid benefits due under the plan, as well as penalties, attorney fees, interest, and costs. In the alternative, Sanghani seeks recovery from United Healthcare under La.C.C. art. 2315, for it's "gap approval" process that constituted a promise to pay benefits[1] and induced Sanghani to provide services that United Healthcare did not intend to pay for.

United Healthcare removed the case to this Court on the basis of ERISA preemption and filed a motion to dismiss (Doc. 10) that was denied. United Healthcare filed a second motion to dismiss or for summary judgment (Doc. 26) alleging that Sanghani failed to exhaust her administrative remedies under ERISA and failed to state a claim on which relief can be granted. That motion is now before the Court for disposition.

## II. Law and Analysis

### A. Standards governing the Motion to Dismiss pursuant to 12(b)(6).

A motion to dismiss an action pursuant to Fed.R.Civ.P. Rule 12(b)(6), for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's right to relief based upon those facts. See Crowe v. Henry, 43 F.3d 198,

---

[1] The state law claim is specifically limited to rights which Sanghani may have acquired outside the terms of the Plan – through an extra-contractual "gap approval" process – as a result of representations made to Sanghani by United Healthcare.

2

203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231 (1994); Doe, 753 F.2d at 1102. The factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. See Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). The Court must presume that general allegations embrace the specific facts that are necessary to support the claim. See National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1994) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)).

  B. <u>Sanghani failed to plead or show exhaustion of her administrative remedies pursuant to ERISA.</u>

United Healthcare contends Sanghani failed to plead or show exhaustion of her administrative remedies pursuant to ERISA.

Claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits. In the ERISA context, the exhaustion requirement is jurisprudentially mandated. See Denton v. First National Bank of Waco, 765 F.2d 1295, 1297 (5th Cir. 1985), and is not a prerequisite to a federal court's jurisdiction. Hager v. Nationsbank, 167 F.3d 245, 248 n. 3 (5th Cir. 1999). A plaintiff must exhaust administrative remedies where the grievance upon which the lawsuit is based arises from some action of a plan covered by ERISA, and the plan is capable of providing the relief sought by the

plaintiff.  See Chailland v. Brown & Root, Inc., 45 F.3d 947, 950 (5th Cir. 1995); see also Wilson v. Kimberly-Clark Corp., 254 Fed.Appx. 280, 285 (5th Cir. 2007).  In the Fifth Circuit, ERISA exhaustion is an affirmative defense.  See Crowell v. Shell Oil Co., 541 F.3d 295, 308-09 & n.57 (5th Cir. 2008); Wilson, 254 Fed.Appx. at 286.  A complaint alleging an ERISA claim is therefore not subject to dismissal under Rule 12(b)(6) because it fails to allege facts disproving a possible affirmative defense of exhaustion.  See Wilson, 254 Fed.Appx. at 287.

Sanghani states in her complaint that she gave made a claim to United Healthcare that was rejected.  Sanghani does not allege any further efforts to collect from United Healthcare.

United Healthcare shows, in an affidavit by Jane Stalinski, a "Legal Case Information Analyst" for United Healthcare, that she has reviewed United Healthcare's files related to Shelby and found there was no grievance or appeal filed by or on behalf of Shelby (Doc. 26-4).  United Healthcare further shows the plan is capable of providing the relief sought by Sanghani through the "Appeals and Claims" process (Doc. 26-3).  Sanghani has not opposed United Healthcare's motion to dismiss or attempted to show she exhausted her administrative remedies.

Accordingly, Sanghani's ERISA claims should be dismissed without prejudice for lack of exhaustion.

    C.    <u>Sanghani's state law claim should be dismissed without prejudice.</u>

United Healthcare also argues that Sanghani's state law claim pursuant to La.C.C. Article 2315 should be dismissed for failure to plead a cause of action for fraud or negligent misrepresentation with sufficient particularity.

Sanghani set forth her state law claim against United Healthcare in her amended complaint as follows (Doc. 22). The portions in highlighted bold-faced type are those quoted by United Healthcare in its brief:

> 10.
> When there is no Preferred Provider of a suitable specialty within a convenient distance to an area in which a plan member lives and a suitable specialist who is not a preferred provider is conveniently located, it is customary for an insurer or Administrator to grant "gap approval." **Gap Approval is the practice of temporarily, or on an "ad hoc" basis, agreeing to treat a non-preferred healthcare provider as a Preferred Provider for both payment of service purposes and plan benefit purposes.** That is, the plan member will not suffer the consequences of using an "out-of-network" or non-preferred provider because the PPO did not have a suitable provider within a convenient distance to the plan member.
>
> 11.
> When "Gap Approval" is granted, the non-preferred physician agrees to accept the patient and his insurance coverage under the condition that the same portion of his bill will be paid by the insurer or plan as if he were a Preferred Provider.
>
> 12.
> Prior to providing treatment to S. Richards, plaintiff, SANAT V. SANGHANI, MD, LLC, ("SANGHANI") secured gap approval from UNITED because SANGHANI is not a member of UNITED's or any other pertinent PPO. However, when SANGHANI submitted its bill, UNITED refused to pay pursuant to the gap approval agreement and, instead, only paid a lower portion of SANGHANI's bill insisting that SANGHANI was "out-of-network," a tactic commonly employed by UNITED, across multiple plans.
>
> 14.
> In the alternative, and in the event that no Plan benefits are due pursuant to the terms of the plan, **SANGHANI seeks recovery from UNITED for its gap approval process that constituted a promise to pay benefits that induced SANGHANI to provide services that UNITED**

> knew would not be paid. This bait and switch tactic caused SANGHANI to reasonably conclude that it would be paid for services and to rely upon UNITED to secure payment for such services as administrator of the Plan. Thus, UNITED is personally responsible for its own negligent or intentional acts, under La. C.C. Art. 2315, for causing SANGHANI to provide services that were not covered and for the payment for those services.

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. See Fed.R.Civ.P. Rule 9(b). The amount of particularity required for pleading fraud differs from case to case. See Benchmark Elec., Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir.2003), modified on other grounds, 355 F.3d 356 (5th Cir. 2003); see also Williams v. WMX Techs., Inc., 112 F.3d 175, 178 (5th Cir. 1997) (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific"). In the Fifth Circuit, the Rule 9(b) standard requires specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent. Plotkin v. IP Axess, Inc., 407 F.3d 690, 696 (5th Cir. 2005).

United Healthcare contends that Sanghani failed to specify the "who, what, when, where, and how" as to her claims of fraud and/or negligent misrepresentation. However, the limited portions of Sanghani's complaint quoted in United Healthcare's brief omitted the paragraphs setting forth the admittedly limited details of her claim. Nevertheless, Sanghani has stated who (United Healthcare), what (nonpayment of Sanghani's claim after she obtained gap approval for payment of the same amount

6

paid to within-plan providers), when (before Sanghani provided medical services to S.R.), where (in Alexandria, Louisiana), and how (though United Healthcare's gap approval process). Although Sanghani did not name a specific person employed by United Healthcare, United Healthcare cites securities fraud case law. In such cases, people still deal with individuals in brokerage firms. See Bamburg v. ZAxis Onshore LP, 2009 WL 1579512 (W.D.La. 2009).

In health care insurance coverage issues, medical care providers employ insurance "specialists," who speak over the phone with a coterie of unseen, first-name-only, customer-service-related representatives employed by insurance companies to handle pre-admission coverage issues. Sanghani has adequately pleaded the facts of her case that she believes constitute fraud or misrepresentation.

Accordingly, United Healthcare's motion to dismiss Sanghani's state law claims for fraud and/or misrepresentation should be denied.

However, although Sanghani has asserted the pendant jurisdiction of this court, this court's dismissal of Sanghani's ERISA claims makes dismissal, without prejudice, of her state law claims proper. District courts have "supplemental jurisdiction" over claims so related to a federal question "that they form part of the same case or controversy." See 28 U.S.C. §1367(a); see also Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1018-19 (5th Cir.), cert. den., 508 U.S. 956 (1993); Whalen v. Carter, 954 F.2d 1087, 1097 (5th Cir. 1992). The district courts may decline to exercise supplemental jurisdiction over a claim under §1367(a) if the district court has dismissed all claims over which it has original jurisdiction.

Rodriguez, 980 F.2d at 1018; Stephens v. LJ Partners, 852 F.Supp. 597, 600 (W.D.Tex. 1994); Holt v. Lockheed Support Systems, Inc., 835 F.Supp. 325, 329 (W.D.La. 1993). In deciding whether to exercise supplemental jurisdiction, the court must consider judicial economy, convenience, fairness and comity. Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow, 12 F.3d 58, 61 (5th Cir. 1994).

The Court should decline to exercise pendant jurisdiction over Sanghani's remaining state law claims. Since this case was originally filed in state court, Sanghani's state law claims should be remanded to the Louisiana Ninth Judicial District Court.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Sanghani's ERISA claims be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

IT IS FURTHER RECOMMENDED that Sanghani's remaining state law claims be REMANDED to the Louisiana Ninth Judicial District Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __6th__ day of March, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge